**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Chaska J. CARRILLO, Defendant–Appellant.**

No. 04–4021.

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 31, 2005.*

Decided Sept. 2, 2005.

John W. Vaudreuil, Office of the United States Attorney, Madison, WI, for Plaintiff–Appellee.

Richard H. Parsons, Office of the Federal Public Defender, Peoria, IL, for Defendant–Appellant.

Before CUDAHY, MANION, and WOOD, Circuit Judges.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

**712**

## ORDER

Chaska Carrillo pleaded guilty to distributing cocaine base in violation of 21 U.S.C. § 841(a)(1) and was sentenced to 151 months' imprisonment and three years' supervised release. He now argues that he is entitled to resentencing in light of *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *United States v. Schlifer*, 403 F.3d 849 (2005). Like the appellant in *Schlifer*, Carrillo argued in the district court that increasing his offense level under U.S.S.G. § 4B1.1 (establishing elevated offense levels for "career offenders") without submitting the matter to a jury violated his rights under the Sixth Amendment. We rejected that argument on the merits in *Schlifer*, 403 F.3d at 853, but nonetheless accepted it as sufficient to "preserve" the appellant's right to challenge his sentence under the remedial holding in *Booker*, *id.* at 854.

There is error in every sentence imposed under the old mandatory guidelines regime. *Schlifer*, 403 F.3d at 853. Because Carrillo adequately preserved an objection, we must vacate the sentence unless the government can show that the error was harmless. *Id.* at 854. The government concedes that it cannot meet that burden. Accordingly, we VACATE Carrillo's sentence and REMAND the case for resentencing.